1
2
3
4
5
6
7
8
9 UNITED STATES DISTRICT COURT
10 CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION
11
12
13
14
15 BENNY RALPH  FRANCO,                      ) ED CV 14-00049-SH
                                            )
16                                          ) MEMORANDUM DECISION
                      Plaintiff,            ) AND ORDER
17          v.                              )
                                            )
18 CAROLYN W. COLVIN, Commissioner,         )
   Social Security Administration,          )
19                                          )
                      Defendant.            )
20 _____ )

21      This matter is before the Court for review of the Decision by the

22 Commissioner of Social Security denying plaintiff's Supplemental Security

23 Income application. Pursuant to 28 U.S.C. §636(c), the parties have consented

24 that the case may be handled by the undersigned. The action arises under 42

25 U.S.C. §405(g), which authorizes the Court to enter Judgment upon the

26 pleadings and transcript of the record before the Commissioner. The plaintiff and

27 the defendant have filed their pleadings. They have also filed Briefs (individually

28 "Plaintiff's Brief" and "Defendant's Brief"), and the defendant has filed a

1

certified Administrative Record. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be affirmed.

## I. BACKGROUND

Plaintiff Benny Ralph Franco filed an application for supplemental security income under Title II of the Social Security Act, alleging disability beginning January 18, 2008. (See Administrative Record ["AR"] 13; 161-164). The Commissioner initially denied the application on October 27, 2010, and again upon reconsideration on February 3, 2011. Thereafter, plaintiff filed a written request for hearing on February 14, 2011. On September 26, 2012, the Administrative Law Judge ("ALJ") issued an Unfavorable Decision, finding that Franco is not disabled within the meaning of the Social Security Act. (See AR 49-50).

Plaintiff challenges the ALJ's Decision denying disability benefits. Plaintiff alleges the ALJ erred in (1) failing to give appropriate weight to plaintiff's examining physician and the non-examining physician, and (2) failing to properly consider plaintiff's own testimony about the symptoms and pain resulting from his alleged disabilities. For the reasons discussed below, the Court concludes that both of the plaintiff's claims are without merit.

## II. DISCUSSION

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ failed to give appropriate weight to the testimony of the examining physician. Specifically, he maintains, the ALJ erred by giving more weight to the non-examining physician's testimony. Defendant argues that the ALJ properly weighed the medical evidence and gave specific and legitimate reasons required for rejecting an examining physician's testimony in favor of a non-examining physician.

It is well settled that an examining physician's opinion is entitled to greater weight than that of a non-examining physician. See Lester v. Chater, 81

1 | F.3d 821, 830 (9th Cir. 1995), citing Pitzer v. Sullivan, 908 F.2d 502, 506 (9th

2 | Cir. 1990) and Gallant v. Heckler, 753 F.2d 1450 (9th Cir. 1984). As is the case

3 | with the opinion of a treating physician, the opinion of an examining physician,

4 | if contradicted a non-examining physician, can only be rejected for specific and

5 | legitimate reasons that are supported by substantial evidence in the record. See

6 | Lester, 81 F.3d at 830-831, citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th

7 | Cir. 1995). The weight given to a non-examining physician's opinion depends on

8 | whether it is supported by sufficient medical data and is consistent with other

9 | evidence in the records. 20 C.F.R. § 404.1527 (2004). The opinion of a non-

10 | examining physician alone does not constitute substantial evidence that justifies

11 | rejection of an examining physician's testimony. See Pitzer, 908 F.2d at 506 n. 4;

12 | Gallant, supra 753 F.2d at 1456.

13 |      On October 7, 2010, plaintiff underwent a complete consultative

14 | psychiatric evaluation performed by an examining physician, Dr. David Bedrin.

15 | The ALJ's findings concerning Dr. Bedrin's evaluations in relevant part were as

16 | follows:

> Mental status examination revealed that the claimant had mild impairment in recent memory and immediate recall; he had below average intellect; and he could not complete serial threes (Ex. B14F, p. 3). Based upon his examination of the claimant, Dr. Bedrin opined that the claimant had major depressive disorder; panic disorder without agoraphobia; and history of alcohol and methamphetamine, in remission (Ex. B14F, p. 4). He assessed the claimant with a Global Assessment Functioning score of 57 (Ex. B14F, p. 5). Dr. Bedrin opined that the claimant had no impairment in the following areas: his ability to relate and interact with supervisors, coworkers, and the public; his ability to understand and remember; his ability to maintain concentration and attention; and his ability to withstand the stress and pressures associated with employment (Ex. B14F, p. 5). He recorded that the claimant was able to follow simple one and two-step job instructions (Ex. B14F, p. 5).

26 | (See AR 15).

In giving greater weight to the non-examining State agency mental medical consultants (at both the initial and reconsideration levels), the ALJ stated the following:

> I have read and considered the GAF scores . . . this GAF score is of limited evidentiary value. These subjectively assessed score reveals [sic] only a snapshot of impaired and improved behavior. I give more weight to the objective details and chronology of the record . . . I give great weight to the opinions of the State agency medical consultants   . . . [they] opined that the claimant had no more than mild limitation in any functional domain (Ex. 16F, p. 9). This opinion is consistent with the evidence, which shows the claimant has never been hospitalized in connection with his mental impairments and he does not obtain ongoing treatments for his impairments. I give some weight to the opinions of the psychiatric consultative examiner, Dr. Bedrin (Ex. B14F). [His] opinion was not completely consistent with the totality of the medical evidence. During the consultative examination, the claimant reported that his mood was very good; he recalled two out of three objects after five minutes; he was able to perform serial threes with only one mistake; and he denied having hallucinations (Ex. B14F, pp. 2-3). I decline to adopt Dr. Bedrin's limitation that the claimant was limited to performing one and two-step instructions because it is not supported by the evidence, including Dr. Bedrin's determination the claimant had no impairment in his ability to understand and remember (Ex. B14F, p. 5).

(Id.).

Based on the above, plaintiff's argument—namely, that the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Bedrin's opinion—is without merit. The ALJ's reasons could not be clearer: Dr. Bedrin's opinion is inconsistent with the totality of the objective medical evidence, and he even contradicts himself.

For example, Dr. Bedrin limited the plaintiff's capacity to performing one and two-step instructions, yet he nevertheless opined that plaintiff has no impairment in his ability to understand and remember, to maintain concentration and attention, to relate and interact with supervisors, coworkers, and the public, or to withstand the stress and pressures associated with employment. (See AR 15). Plaintiff has never been hospitalized due to his mental impairments, nor does he obtain ongoing treatment.

4

Moreover, the State agency medical consultants opined that plaintiff's mental impairments are non-severe and that plaintiff has no more than mild limitation in any functional domain. (Id). Lastly, plaintiff admitted that he is able to prepare meals, walk to the store, complete household chores, ride in cars, and watch television. All of this supports the ALJ's assessment of the totality of objective evidence in the record; that is, it casts doubt on the probative value of Dr. Bedrin's testimony.

Since Dr. Bedrin's opinion is contradicted by other evidence (including his own findings), the standard of "specific, legitimate reasons" that are based on "substantial evidence" for rejecting an examining physician's findings has been fulfilled in the present case. Since the opinion of a non-examining physician may also serve as substantial evidence when it is "consistent with independent clinical findings or other evidence in the record", the ALJ was justified in giving greater weight to the State agency medical consultants' testimony. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). The lack of support for, and the contradiction of, Dr. Bedrin's findings is sufficiently substantial evidence upon which the ALJ relied in giving it less weight. The ALJ thoroughly reviewed plaintiff's medical record and demonstrated that Dr. Bedrin's opinion of plaintiff's limitations is markedly inconsistent with the totality of the evidence in the record. This alone is a legitimate reason based on substantial evidence for the ALJ to give little weight to Dr. Bedrin's findings.

**ISSUE NO. 2:**

Plaintiff also contends that the ALJ failed to properly consider the credibility of his testimony. Defendant asserts that the ALJ properly considered the credibility of plaintiff's testimony and offered clear and convincing reasons for rejecting it.

One who alleges disability based on subjective symptoms must (1) provide objective medical evidence of an underlying impairment or impairments, and (2)

5

show that the impairment or combination of impairments "could reasonably be expected to produce the pain or other symptoms alleged." Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)). Once the plaintiff has produced objective evidence of an underlying impairment, the adjudicator may not reject the plaintiff's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain or other symptoms.

When, as in the present case, there is no evidence of malingering by the plaintiff, the ALJ must articulate clear and convincing reasons for rejecting the plaintiff's pain and limitation testimony. See Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996), citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ must consider the totality of the evidence when weighing the plaintiff's credibility, including the following factors: plaintiff's reputation for truthfulness, inconsistencies in plaintiff's testimony or between her testimony and conduct, plaintiff's daily activities, plaintiff's work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which plaintiff complains. Thomas, supra 278 F.3d at 958-59. The ALJ's credibility findings are entitled to deference when they are supported by substantial evidence in the record and are "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Id.

The ALJ offered clear and convincing reasons for rejecting plaintiff's subjective pain and symptom testimony. The ALJ considered the totality of the evidence and conducted a thorough analysis of the Administrative Record. Despite plaintiff's allegations that he has difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, seeing, remembering, completing tasks, concentrating, understanding, following instructions, and walking more than ½ block without needing to rest, the ALJ

properly acknowledged that plaintiff is able to prepare his own meals, do housework and yard work, walk to the market, watch television, attend church, and ride in a car.  Moreover, though plaintiff testified in the past that he had epidural injections for pain, he most recently testified at his hearing that he had not received an epidural injection in over two years.

Despite plaintiff's testimony that he has severe and debilitating back pain that impairs his ability to sit, stand, and perform the activities of daily living, objective medical evidence suggests otherwise. On October 2, 2010, plaintiff underwent a physical examination, which revealed that, even though he had slightly reduced range of motion in his back during the internal medicine consultative evaluation, "there is no evidence of neurological deficits, his gait was normal, and straight leg raising was [normal] (Ex. B13F, pp.3-5). X-rays revealed plaintiff had minimal narrowing of the disc space in his lumbar spine (Ex. B13F, p.7)." (AR 17). Moreover, the record shows that he has received routine and conservative treatments for his back pain.

Plaintiff also alleged pain in his right hand, wrist, and feet, with the pain allegedly most severe in his right wrist. He was diagnosed with diabetic neuropathy and was prescribed Neurontin (Id. at 19). The ALJ questioned the credibility of this evidence because the diagnosis was not confirmed with diagnostic testing and was inconsistent with findings from plaintiff's physical examination on January 20, 2011. (Id.; See AR 368-371). The ALJ considered the following in giving little weight to plaintiff's subjective testimony:

> A computed (sic) tomography scan of his right wrist revealed post traumatic degenerative changes, but was otherwise unremarkable (Ex. B21F, p.7). A follow up physical examination of the claimant's right forearm performed on November 9, 2011 also revealed the claimant had full strength, there was no evidence of edema, and Tinel's sign, Phalen's sign and median [sic] nerve compression tests were negative (Ex. 21F, p.7).

1  (AR 19). All of this casts doubt on the purported severity of plaintiff's physical

2  impairments.

3       With respect to his mental impairments, plaintiff testified that he has

4  severe mental problems, including depression, anxiety, and panic attacks.

5  Nevertheless, the ALJ found that the objective evidence does not support the

6  severity of the mental impairments alleged by plaintiff:

7       The record shows that he has never been hospitalized in
        connection with his alleged mental impairments and he has
8       never obtained outpatient mental health treatments (Ex. B14F,
        p.2). Moreover, the benign findings from the psychiatric
9       consultative examination described above are inconsistent with
        claimant's allegations that he has a severe and debilitating
10      mental impairment.

11 (Id. at 18). Agency regulations provide that disability cannot be premised

12 upon subjective testimony alone. See 20 C.F.R. § 416.929(a). This is all

13 that plaintiff has provided in the present case, and the inconsistent objective

14 evidence casts doubt on the credibility of plaintiff's subjective testimony.

15 Based on the foregoing, it is clear that the ALJ fulfilled his burden of

16 providing clear and convincing reasons for rejecting plaintiff's pain and

17 limitation testimony.

18      Under 42 U.S.C. § 405(g), this Court reviews the ALJ's Decision to

19 determine if: (1) the ALJ's findings are supported by substantial evidence; and

20 (2) the ALJ used proper legal standards. See DeLorme v. Sullivan, 924 F.2d 841,

21 846 (9th Cir. 1991). This Court cannot disturb the ALJ's findings if they are

22 supported by substantial evidence, even though other evidence may exist which

23 supports plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir.

24 1973), cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974). Since the ALJ's

25 findings are supported by substantial evidence in the present case, his credibility

26 findings must be given deference. Accordingly, the Court finds that the ALJ

27 satisfied the relevant legal standards and did not commit a reversible error in (1)

28

8

giving little weight to Dr. Bedrin's testimony, and (2) rejecting plaintiff's subjective testimony.

## **ORDER**

For the foregoing reasons, it is hereby adjudged that the Decision of the ALJ is affirmed and plaintiff's complaint is dismissed.

DATED: September 8, 2014

_____

STEPHEN J. HILLMAN
United States Magistrate Judge

9